UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN DARIO RODRIGUEZ CRUZ, | No.  1:26-cv-00348 DAD SCR |
| Petitioner, | |
| v. | FINDINGS & RECOMMENDATIONS |
| WARDEN OF THE GOLDEN STATE ANNEX, | |
| Respondent. | |

Petitioner is a federal immigration detainee representing himself in this habeas corpus action filed pursuant to 28 U.S.C. § 2241.  This action was referred to the undersigned by operation of Local Rule 302(c)(17) and 28 U.S.C. § 636(b)(1).

**I.    Factual and Procedural History**

**A.  Section 2241 Petition**

Petitioner is currently detained at the Golden State Annex Immigration Detention Facility and has been in the custody of Immigration and Customs Enforcement (ICE) since September 4, 2026.  ECF No. 1 at 2, 5.  Petitioner has three dependent children at home, ages 17, 8 and 8 months.  Id. at 6.  He is the primary provider for his family and is concerned about how his wife will pay rent, utilities, and other expenses.  Id.  Petitioner acknowledges a past arrest for causing a minor accident while under the influence of alcohol.  Id.  Prior to his detention, he attended court-

1

ordered psychology and alcoholism courses. Id. at 7. The petition raises a single claim for violation of the Fifth Amendment (procedural due process). Id. at 16-17. By way of relief, petitioner seeks his immediate release or, in the alternative, a hearing before an immigration judge where the government bears the burden of establishing by clear and convincing evidence that he presents a risk of flight or danger. Id. at 19.

### B.  Respondent's Motion to Dismiss

In response to the petition, respondent filed a motion to dismiss. ECF No. 9. Respondent included with the motion petitioner's Form I-213 (Record of Deportable/Inadmissible Alien) that provides background on his immigration proceedings. Petitioner is a Colombian national who entered the United States without inspection on or around July 7, 2024. ECF No. 9-1 at 2. Petitioner and his family were encountered by a Border Patrol agent, transported to a processing center, and processed as "Expedited Removal—Credible Fear Referral." Petitioner was then released and enrolled in the Intensive Supervision Appearance Program (ISAP). Id. at 4. On December 20, 2024, petitioner filed applications for asylum and withholding of removal. Id. at 5.

On July 7, 2025, petitioner was arrested for felony driving under the influence. ECF No. 9-1 at 4. The Form I-213 shows that petitioner has no convictions but does not state whether he was charged after the felony DUI arrest. See id. at 5. Immigration officials arrested petitioner on September 3, 2025, and charged him with being a noncitizen present in the United States without being admitted or paroled under 8 U.S.C. § 1182(a)(6)(A)(i). Id. at 3. The arrest was pursuant to a form I-200 warrant created by Deportation Officer J. Cruz. Cruz determined petitioner was eligible for ICE enforcement action because his arrest violated his ISAP conditions. Id.

In the motion itself, respondent asserts that because petitioner entered the United States illegally in July 2024 and was placed into removal proceedings, he is an "applicant for admission" subject to mandatory detention under 8 U.S.C. § 1225(b)(2). ECF No. 9 at 1. Respondent further argues that petitioner's prior release in the discretion of DHS did not convey a liberty interest on petitioner, and that petitioner does not possess a right to freedom from immigration detention in any manner other than the manner provided by Congress. Id. at 2. Respondent asks the court to deny the petition or, in the alternative, hold it in abeyance pending

2

resolution of pending appeals involving the same issues presented here.  Id. at 2; id. at 1., n.1.

**II.      Legal Standards**

The Due Process Clause protects persons in the United States from being deprived of life, liberty, or property without due process of law.  U.S. Const. amend. V.  The Supreme Court has concluded that "the Due Process Clause applies to all 'persons' within the United States, including [non-citizens], whether their presence here is lawful, unlawful, temporary, or permanent."  Zadvydas v. Davis, 533 U.S. 678, 693 (2001).  Courts examine procedural due process claims in two steps: the first step is determining whether there exists a protected liberty interest under the Due Process Clause.  The second step examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution.  See Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989); Morrissey v. Brewer, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due.").

**III.      Analysis**

Respondents' argument that petitioner did not acquire a liberty interest when DHS released him on ISAP in July 2024 is unconvincing.[1]  "[E]ven when an initial decision to detain or release an individual is discretionary, the government's subsequent release of the individual from custody creates 'an implicit promise' that the individual's liberty will be revoked only if they fail to abide by the conditions of their release."  Calderon v. Kaiser, No. 25-cv-6695 AMO, 2025 WL 2430609, at *2 (N.D. Cal. Aug. 22, 2025) (quoting Morrissey, 408 U.S. at 482).

---

[1] Respondent cites Department of Homeland Security v. Thuraissigiam, 591 U.S. 103 (2020), to argue that petitioner's due process rights as noncitizen who has not been formally admitted into the United States extend no further than the procedures provided by the INA.  ECF No. 9 at 2. The undersigned finds Thuraissigiam materially distinguishable for multiple reasons.  Its "discussion of due process is necessarily constrained to challenges to admissibility to the United States" and "[t]he Court answered no broader question."  Padilla v. U.S. Immigr. & Customs Enf't, 704 F. Supp. 3d 1163, 1171-72 (W.D. Wash. 2023).  Moreover, Thuraissigiam concerned an individual arrested mere yards from the border a short time after entering the United States without inspection, and who DHS had never released into the United States, not an individual like petitioner who has established meaningful ties to the United States.  Thuraissigiam "does not foreclose . . . due process claims which seek to vindicate a right to a bond hearing with certain procedural protections."  Padilla, 704 F. Supp. 3d at 1172.

3

Therefore, the undersigned "need not determine whether § 1225 or § 1226 applies in this case because petitioner has a liberty interest in his continued release regardless of the applicable detention scheme." Cajina v. Wofford, No. 1:25-cv-1566 DAD AC (HC), 2025 WL 3251083, at *3 (E.D. Cal. Nov. 21, 2025) (citations omitted).

The undersigned next considers what procedures were necessary to ensure a deprivation of that liberty interest afforded due process. District Judge Drozd recently concluded under substantially similar circumstances that re-detaining an individual for a pending DUI charge without prior notice or a hearing violates due process. See Marquez v. Chestnut, No. 1:26-cv-0988 DAD CSK, 2026 WL 326811, at *1 (E.D. Cal. Feb. 6, 2026) (holding re-detention based on recent DUI arrest violated due process where "[t]here is no indication that petitioner was provided with prior notice that ICE would re-detain her nor is there any indication that she was provided with a hearing before she was taken into custody"); Monsalve v. Chestnut, No. 1:26-cv-0626 DAD CKD, 2026 WL 242066, at *2 (E.D. Cal. Jan. 29, 2026) ("[R]espondents provide no legal authority in support of the proposition that petitioner's DUI arrest justifies re-detaining him without prior notice or a pre-detention hearing."). The undersigned is unconvinced that the alleged DUI arrest and violation of ISAP conditions in this case is meaningfully different from those in Marquez and Monsalve, respectively. For instance, while the record is silent as to whether petitioner was even charged after his arrest, it is undisputed he was not convicted. See ECF No. 9-1 at 5. It is also undisputed that petitioner did not receive prior notice or a hearing before his re-detention. Accordingly, the undersigned adopts Judge Drozd's reasoning in these decisions and finds that petitioner's re-detention violates due process. As in those cases, the appropriate relief is immediate release on the same conditions he was subject to immediately prior to his re-detention.

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1.      The petition for writ of habeas corpus (ECF No. 1) be GRANTED.

2.      Respondents be required to immediately release petitioner from detention under the previously imposed conditions of supervision.

3. Respondents be enjoined and restrained from re-detaining petitioner unless they provide petitioner with written notice before a pre-deprivation bond hearing to be convened by a neutral decision maker, and demonstrate by clear and convincing evidence at such bond hearing that petitioner is a flight risk or danger to the community such that his physical custody is legally justified.

4. At the time of release, Respondents be ordered to return all of petitioner's documents and possessions.

5. Respondents be ordered to file a notice certifying compliance with the above provisions within two (2) days of the adoption of these findings and recommendations.

6. Respondent's motion to dismiss (ECF No. 9) be DENIED.

7. Judgement be entered in favor of the petitioner and the Clerk of the Court close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 17, 2026

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE