UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN DARIO RODRIGUEZ CRUZ,<br>Petitioner,<br>v.<br>WARDEN OF THE GOLDEN STATE ANNEX, et al.,<br>Respondents. | No. 1:26-cv-00348-DAD-SCR<br><br><u>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING MOTION TO ENFORCE JUDGEMENT</u><br><br>(Doc. Nos. 20, 26, 28) |

Petitioner Ruben Dario Rodriguez Cruz is a federal immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

This court previously granted petitioner's habeas petition and ordered his immediate release. (Doc. No. 15.) On May 11, 2026, petitioner filed the pending motion to enforce judgement. (Doc. No. 20.) On June 5, 2026, the assigned magistrate judge issued findings and recommendations recommending that petitioner's motion to enforce judgement (Doc. No. 20) be granted. (Doc. No. 26.) Specifically, the magistrate judge found that petitioner's re-detention following a pre-deprivation hearing before an immigration judge ("IJ") did not comport with the requirements of this court's order enjoining petitioner's re-detention absent a bond hearing before a neutral decisionmaker, "at which hearing respondent will bear the burden of demonstrating that

petitioner is a flight risk or danger to the community" (Doc. No. 15 at 2). (Doc. No. 26 at 11.) The magistrate judge further found that IJ abused his discretion in determining that petitioner was a danger or flight risk by clear and convincing evidence because, first, the IJ incorrectly found that petitioner was arrested and charged with felony hit and run when the evidence before the IJ and argument by petitioner's attorney at the hearing established that petitioner was charged with misdemeanor hit and run, and second, the IJ failed to meaningfully discuss the probative evidence that petitioner submitted demonstrating his significant family and community ties and rehabilitation efforts. (Doc. No. 26 at 10–11.) The magistrate judge noted that the IJ's incorrect factual determination regarding petitioner's criminal history was a material error given that the IJ identified petitioner's criminal history as the "most significant" factor supporting his dangerousness finding. (*Id.* at 10.) Finally, the magistrate judge found that the appropriate remedy in this case is petitioner's immediate release from detention because petitioner has not received the hearing he was entitled to pursuant to this court's order enjoining his re-detention absent a compliant hearing. (*Id.* at 12–13.)

The pending findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within seven (7) days after service. (*Id.* at 13.) On June 9, 2026, respondents filed objections to the pending findings and recommendations (Doc. No. 27) in which they object to the magistrate judge's finding that respondents violated the court's injunction due to a non-party's actions and they object to the magistrate judge's finding that the IJ abused his discretion. (Doc. No. 27 at 1–4.) On August 6, 2026, petitioner filed a motion for expedited ruling on the pending findings and recommendations. (Doc. No. 28.)

The court first considers respondents' objection to the magistrate judge's finding that they violated this court's injunction due to a non-party's action. (Doc. No. 27 at 1–2.) Respondents argue that the Executive Office for Immigration Review ("EOIR") is "not an 'officer, agent, servant, employee, or attorney' of [the Department of Homeland Security ("DHS")]; it is a distinct adjudicatory body within the Department of Justice." (Doc. No. 27 at 2.) Respondents' argument ignores the petition, which names, "Respondent Acting or Current Attorney General of the Untied States" as "the most senior official in the U.S. Department of Justice" who has

delegated the authority to interpret immigration laws and adjudicate removal cases to the EOIR, "which administers the immigration courts and the Board of Immigration Appeals ("BIA")." (Doc. No. 1 at ¶ 15.) The Attorney General remains a party to this action and, by respondents' own admission, oversees the EOIR. This objection advanced by respondent does not provide a basis upon which to reject the pending findings and recommendations.[1]

The court next considers respondents' objection to the magistrate judge's finding that the IJ abused his discretion. Respondents argue that the IJ did not commit clear legal error due to his mistaken finding that petitioner was charged with a felony, rather than two misdemeanors. (Doc. No. 27 at 3.) Respondents argue that that IJ's oral decision considered all relevant factors and based his decision on the facts underlying petitioner's arrest, not the charge itself, and that the magistrate judge improperly re-weighed the evidence. (*Id.* at 3–4.)

The magistrate judge thoroughly reviewed the IJ's oral and written decisions and determined that the IJ abused his discretion when the IJ incorrectly found that petitioner was charged with a felony, rather than misdemeanor offense, and relied on that finding in denying petitioner bond in his written decision. As the magistrate judge noted, the IJ identified the proper standard of review and legal standard (Doc. No. 26 at 10), but that alone is not sufficient in light of the errors committed by the IJ. *See Martinez v. Clark*, 124 F.4th 775, 785 (9th Cir. 2024) ("But when there is an indication that something is amiss, like if the BIA misstates the record or fails to mention highly probative or potentially dispositive evidence, we do not credit its use of a catchall phrase to the contrary.") (cleaned up). This objection advanced by respondent also does not provide a basis upon which to reject the pending findings and recommendations.

---

[1] The court observes that respondents in prior immigration habeas cases have moved to dismiss respondents other than petitioner's immediate custodian on the basis that the petitioners may only name an immediate custodian in a petition for writ of habeas corpus. *See, e.g., Atal v. Sec'y of the U.S. Dep't of Homeland Sec.*, No. 1:26-cv-01945-DAD-SCR (HC), 2026 WL 1110268, at *1-2 (E.D. Cal. Apr. 24, 2026) (collecting cases). As explained in *Atal*, the court has denied those prior motions explicitly because respondents beyond the immediate custodian should be named given that the petitioner requested relief beyond immediate release and those further parties needed to be enjoined as to their ability to re-detain the petitioner. *Id.* The court is concerned by respondents' apparent duplicitousness in taking the litigation position that such parties are not necessary in other actions but are necessary in this action in order for injunctions identical in effect to be binding.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the findings and recommendations are supported by the record and by proper analysis.

For the reasons stated above,

1. The findings and recommendations filed on June 5, 2026 (Doc. No. 26) are ADOPTED IN FULL;
2. Petitioner's motion to enforce judgement (Doc. No. 20) is GRANTED as follows:
    a. Respondents are ORDERED to immediately release petitioner Ruben Dario Rodriguez Cruz, A-File No. 221-094-029, from respondents' custody on the same conditions he was subject to prior to his re-detention on or about April 23, 2026;
    b. Respondents are ENJOINED and RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, unless petitioner is provided with written notice before a pre-deprivation bond hearing to be convened by a neutral decision maker, at which hearing respondents will bear the burden of demonstrating that petitioner is a flight risk or danger to the community;
3. Petitioner's motion for expedited ruling (Doc. No. 28) is DENIED as having been rendered moot by this order;
4. The Clerk of the Court is directed to serve the Golden State Annex detention facility with a copy of this order; and
5. The Clerk of the Court is also directed to close this case.

IT IS SO ORDERED.

Dated: **August 7, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE